PER CURIAM.
Quillian International Truck and Tractor, Inc., a Florida corporation, formerly Franz-blau-Gilbert Equipment Co., Inc., a Florida corporation, which was the defendant below, appeals from a final judgment entered by the Trial Court, in a non-jury case, in favor of Plaintiff, R. B. Livesay.
R. B. Livesay, Appellee, was a minority stockholder for many years in Appellant company. He likewise was an officer, director and employee. Over several years both Livesay and the majority stockholder, who was also the only other stockholder, were employees of the company at a fixed salary. Withholdings for income taxes and social security were accomplished based upon the fixed salary. As a matter of actuality, only a part of the fixed salary, less withholdings, was drawn by the stockholders-officers-employees. The remainder was then reflected as a loan made by the officer to the corporation. The books of the corporation reflect these transactions as loans due and owing from the corporation to the individuals.
In 1959, at the close of the fiscal year, the corporation declared a dividend which amounted to $2400 attributable to Appellee Livesay. There is no question that the firm had had an unsuccessful fiscal year, yet the record does not reveal a lack of net worth sufficient to allow dividends declarable under the law. Several weeks after the close of the 1959 fiscal year, the majority stockholder was paid his dividend, but Livesay went unpaid until the last day of the subsequent fiscal year, at which time the $2400 dividend was paid to him by check. Livesay endorsed the check back to the corporation and an entry was made to reflect the $2400 as a loan payable from the corporation to Livesay. The majority stockholder disposed of his stock and the purchaser and Livesay worked together in the corporation until 1963, when Livesay left his employment position. He sought payment for the amounts carried by the corporate books as being payable to him as loans. The corporation, through the successor majority stockholder, resisted, alleging most of Livesay’s claims in fact were for accrued but unpaid wages, and thus barred by applicable statutes of limitations. The $2400 item was challenged as an illegal declaration of dividends by the corporation.
The lower court found the items claimed as loans by Livesay and described as accrued wages by the corporation were, in fact, loans. The trial court also found against Appellant’s contentions concerning the $2400 dividend-loan back and entered judgment for Appellee-plaintiff.
We find no error in the Trial Court’s determination and therefore affirm.
ALLEN, C. J., PIERCE, J., and FLYNN, ROGER D., Associate Judge, concur.